UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES,           )
                         )
                         )
     v.                  )     CR 04-10175 PBS
                         )
SEALED                   )
     Defendant           )
                         )
```

*allowed in part [illegible] stay [illegible]*
*[illegible] the hearing*
*1/12/05*

**Globe Newspaper Company's Emergency Motion
for Access to Court Docket and Sentencing Hearing
and Request for Hearing**

The Globe Newspaper Company, Inc. ("the Globe") hereby requests that the Court permit it access to (1) the Docket in the above captioned matter; and (2) documents filed in connection with the matter; and (3) what the calendar identifies as a Sentencing Hearing[1], scheduled to take place at 2 p.m. today. As grounds for its Motion, the Globe states as follows:

1. Today's court calendar (copy attached) shows that the above-captioned matter is on for hearing at 2 p.m. The calendar does not identify the defendant, the prosecutor, or the defense counsel.

2. A search of Pacer indicates that the docket for the above-captioned case in not available to the public.

3. As the First Circuit held in *In re Providence Journal,* 293 F.3d 1 (2002), where the Court rejected the practice of the District Court for the District of Rhode Island in maintaining all legal memoranda privately, and not as part of the public docket:

> the public and the press enjoy a constitutional right of access to criminal proceedings under the First and Fourteenth Amendments. *Globe Newspaper Co.*

---

[1] Counsel has been informed by the government that the matter is actually a status conference.

58

*v. Super. Ct.*, 457 U.S. 596, 603-06, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575-80, (1980) (plurality op.). The constitutional right of access is not limited to the actual trial itself, but also encompasses most pretrial proceedings. *See Press-Enterprise Co. v. Super. Ct.*, 478 U.S. 1, 11-13, (1986) (Press-Enterprise II ); *In re Globe Newspaper Co.*, 729 F.2d 47, 52 (1st Cir.1984); see also *Anderson [v. Cryovac]*, 805 F. 2d [1] at 11 (collecting cases). We have held that this constitutional right--which serves to ensure a 'full understanding' of criminal proceedings, thereby placing the populace in a position 'to serve as an effective check on the system'--extends to documents and kindred materials submitted in connection with the prosecution and defense of criminal proceedings. *Globe Newspaper Co. v. Pokaski, 868 F.2d 497, 502 (*1st Cir.1989) (citation and internal quotation marks omitted).

Courts have an obligation to consider all reasonable alternatives to foreclosing the constitutional right of access. *In re Globe Newspaper Co.*, 729 F.2d at 56. Redaction constitutes a time-tested means of minimizing any intrusion on that right. See *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir.1995) (stating 'that it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document'); *see also United States v. Biaggi (In re N.Y. Times )*, 828 F.2d 110, 116 (2d Cir.1987) (rejecting 'wholesale sealing' of papers partly because 'limited redaction [might] be appropriate').

4    Here, it appears that the Court has sealed the entire docket, the papers filed with the Clerk's office, and evidently intends to close today's hearing. The practice of sealing of an entire docket was recently addressed, and condemned by the Second Circuit (Katzmann, J.). *Hartford Courant Co. v. Pelligrino*, 380 F.3d 83, 93 (2d Cir.2004).

> the ability of the public and press to attend civil and criminal cases would be merely theoretical if the information provided by docket sheets were inaccessible. In this respect, docket sheets provide a kind of index to judicial proceedings and documents, and endow the public and press with the capacity to exercise their rights guaranteed by the First Amendment. As we observed in *United States v. Haller*, the docketing of a hearing on sealing provides effective notice to the public that it may occur. 837 F.2d 84, 87 (2d Cir.1988). *See also In re Application of the Times-Union, Gannett Co.*, No. 89-513M, 1990 WL 6605 at *3, 1989 U.S. Dist. LEXIS 16159, at *7 (W.D.N.Y. Jan. 26, 1990) (emphasizing the importance of the docket sheet in alerting the public to the entry of a sealing order); *Commonwealth v. Doe*, 420 Mass. 142, 648 N.E.2d 1255, 1260 (1995) ('If the preliminary hearing [held to determine whether a defendant made out a prima facie case in favor of sealing] was held some time after the underlying case has been disposed of, notice may be provided by means of an entry on the public docket sheets, as is normal procedure.'). Sealed docket sheets would also

frustrate the ability of the press and the public to inspect those documents, such as transcripts, that we have held presumptively open. *See, e.g., Haller*, 837 F.2d at 87. Finally, the inaccessibility of docket sheets may thwart appellate or collateral review of the underlying sealing decisions. Without open docket sheets, a reviewing court cannot ascertain whether judicial sealing orders exist. *See* Michael Zachary, Rules 58 and 79(a) of the Federal Rules of Civil Procedure: Appellate Jurisdiction and the Separate Judgment and Docket Entry Requirements, 40 N.Y.L. Sch. L. Rev. 409, 434, 451-52, 454 (1996) (discussing the difficulties created on appeal by the absence of or errors in district court docket entries).

**WHEREFORE,** the Globe respectfully requests that the Court permit it access to (1) the Docket in the above captioned matter; and (2) documents filed in connection with the matter; and (3) the Hearing scheduled to take place at 2 p.m. today.

Respectfully submitted,

**GLOBE NEWSPAPER COMPANY, INC.**

By its attorney,

_____
Martin F. Murphy, BBO# 363250
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: January 12, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent by hand to all counsel of record.

_____
Martin F. Murphy